Van Brunt, P J.
In May, 1885, one Charles Bouton sold and delivered to the defendant merchandise of the value of either $1,076.05 or $1,071, as admitted by the defendant. Goods to the amount of $93.25 were returned and $800 paid on account of the bill, leaving a balance due of about $180.
In November, 1885, Charles Bouton made an assignment to the plaintiff, who brought suit to recover said balance alleging the above facts. The defendants for a counterclaim alleged that during the month of March, 1885, Bouton accepted an order to ship the defendants $3,000 worth of goods; that he did ship a part of the goods, being those mentioned in the complaint, and the defendant claimed that he should ship the remaining part of the goods, and that thereupon Bouton agreed that said defendant should execute his promissory note for the sum of $800, and that then Bouton would ship the balance óf the order, and if he did not so fulfill the order, in that case Bouton would pay the defendant the-sum of $1,000; that defendant did execute and deliver the promissory note of $800, which constituted the payment above referred to, but that Bouton refuses to deliver the order to the damage of the defendant of the sum of $1,000.
The defendant offered as proof of this agreement the following writing signed by Bouton":
“I hereby agree to ship to Mr. M. Block, Buffalo, the entire order that is placed with me month of March or thereabouts. Should I not fulfill above mentioned, so I will pay to Mr. Block a damage of one thousand dollars.
“C. BOUTON.”
*103 No evidence whatever of the amount of damage sustained "by the failure to deliver the order was given, and the learned justice trying the case dismissed the complaint upon the ground that the defendants had shown themselves entitled to an offset against the assignee to at least the amount of the claim for which he brings suit.' Exception was duly taken to this ruling.
It would appear that the proper course would have been, if the counter-claim had been established, to have directed a verdict in favor of the defendant and not to have dismissed the complaint.
But there does not appear to have been any evidence whatever to sustain the counterclaim. It is true that the paper claiming to be the contract was introduced in evidence, but no proof of damage was offered.
It becomes necessary then to determine whether the sum mentioned in the contract is to be considered as liquidated damages.
The construction of a contract in this respect is generally held to be governed by the intention of the parties subject to one or two elementary rules, viz.: That the damages caused by a breach of the contract shall be of a character so uncertain that they cannot easily be calculated, and that the amount claimed to be liquidated damages shall not be grossly disproportionate to the injury
In the case at bar there is no evidence of an intention upon the part of the contracting parties to make the sum mentioned therein in case of default liquidated damages; and besides, there is nothing in the contract itself, nor in the circumstances of the case, so far as illustrated by the proof, which would tend to show what damages, if any, the defendant in this action has sustained in the alleged breach thereof by the plaintiff’s assignor. There is no evidence, neither can it be deduced from the agreement itself that the refusal to comply therewith caused any loss or damage whatever to the defendant.
Therefore, it is impossible to say but that the sum stated in the agreement was grossly disproportionate to any damage which the defendant sustained; and if such is the case, the court say in Cotheal v. Talmage (9 N. Y., 551), the sum stated in the agreement must be treated as a penalty.
In fact the evidence shows that the sum agreed to be paid must be grossly disproportionate to the damage sustained by reason of the breach of the contract, as it is impossible to conceive that the defendant could possibly be damaged $1,000, because of non-delivery of $2,000 worth of goods.
The damages provided for in the contract in question *104 therefore present none of the elements of liquidated damages and could not be treated as such.
It was error therefore to hold that a counterclaim had been established, at least equal to the claim of the plaintiff admitted upon the part of the defendant.
The judgment must therefore be reversed, and a new trial ordered, with costs to appellant to abide event.
Brady and Daniels, JJ., concur.